**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 08 CR 521 |
| | ) | Honorable Judge Conlon |
| MARIO DIAZ, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION FOR PRODUCTION OF CONFIDENTIAL INFORMANT**
**AND DISCLOSURE OF RELEVANT CRIMINAL BACKGROUND AND**
**FINANCIAL INFORMATION WITH INCORPORATED MEMORANDUM OF LAW**

Now comes the Defendant, Mario Diaz, by and through his attorney, Rachel L. Zebio, and respectfully moves this Court for an order requiring disclosure by the government of the following:

1. The true names and aliases of the government's confidential informants who have been acting in such capacity in this case, if any, as well as the address, date of birth, and social security number for each informant.

2. The prior criminal records, both state and federal, of any informant, including but not limited to all charges currently pending and all charges that have been brought and disposed of as well as the disposition that was reached.

3. Any and all promises, inducements, and/or payments made or promised to any informant to compensate for or to secure the informant's cooperation in this case and in any other related case. This includes but is not limited to copies of all vouchers evidencing such payments and the dates, amounts, and purposes (i.e., expenses or reward) of each payment.

1

4. The names and locations of any and all state or federal law enforcement of other governmental agencies, if any, for which the informant has performed or is presently performing services in exchange for promises, inducements, and/or payments, copies of all bills and vouchers evidencing payments to the informant by other law enforcement agencies, as well as the dates, amounts, and purpose (i.e. expenses or reward) of each payment.

5. Any and all internal memoranda, evaluations, investigation reports, notes of interviews or conversations or observations concerning any informant and his activities, the results of these activities, and the length of service, with respect to this and all other cases that the informant has been involved in, and whether the informant has ever been deactivated and the reasons for such.

6. Defendant further requests an order directing the government to exercise such effort as is reasonably necessary to make an informant available for trial and to notify defendant immediately should the government discover that any informant has become, for any reason, unavailable.

To the extent that any informant is present at any occurrence related to this case, including any conversation about or which is in furtherance of a conspiracy, that informant is a material witness whom the defendant is entitled to question and call in his defense, if he so desires. *Roviaro v. United States*, 353 U.S. 53 (1957); *United States v. Tucker*, 552 F.2d 202, 209-210 (7th Cir. 1977).

In *Roviaro*, the Supreme Court stated:

> [I]t was evident from that fact of the indictment that Doe was a participant in and a material witness to that sale. Accordingly, when his name and address were thus requested, the Government should have been required to supply that information or suffer dismissal of that count. 355 U.S. at 65, n. 15).

The informant is thus both a participant and a material witness, and therefore, his identity is relevant and necessary to the preparation of a defense. Under these circumstances, fundamental fairness

requires disclosure of the informant's identity. *Roviaro*, 353 U.S. at 60-61; *Tucker*, 552 F.2d at 208.

In addition to the identity of any confidential informant, the defendant is also entitled to know his true name and address. Any investigation of the informant as a witness necessarily begins with his name and address, date of birth, and social security number. Without this information, the defendant is barred from investigating the informant's background, status, and reputation in his community, which is directly relevant to his credibility, and is an important factor in defense counsel's decision whether to call the informant as a witness.

In *Smith v. Illinois*, 390 U.S. 129 (1968), the Supreme Court reversed a conviction because a government witness was not required to disclose his true name and address, stating:

> [W]hen the credibility of a witness is in issue, the very starting point in "exposing falsehood and bringing out the truth" through cross-examination must necessarily be to ask the witness who he is and where he lives. The witness' name and address open countless avenues of in-court investigation. To forbid this most rudimentary inquiry at the threshold is effectively to emasculate the right of cross-examination itself. (390 U.S. at 131).

See also *United States v. Ott*, 489 F.2d 872, 876 (7th Cir. 1973). This basic information becomes even more important when defense counsel must decide whether to call the informant as a witness for the defendant.

Defendant has also requesting information regarding promises and inducements made to any informants and the FBI records of their arrests. All of this material is relevant to the credibility of the informant and, under Brady v. Maryland, 372 U.S. 83 (1963), and its progeny, must be disclosed to the defendant prior to trial.

In *Giglio v. United States*, 405 U.S. 150, 154-155 (1972), the Supreme Court established that evidence relating to a witness' credibility - specifically promises of benefit made by the government

3

to a witness - is Brady material which must be disclosed. See also *DeMarco v. United States*, 415 U.S. 449, 450 (1974). The government's duty to disclose *Brady* material may not be excused on the ground that the material would be inadmissible at trial. *Giles v. Maryland*, 386 U.S. 66, 98 (1967) (Fortas, J., concurring). Additionally, the constitutional mandate of *Brady*, as it is incorporated in local rules, would seem to require production of this evidence prior to trial.

      WHEREFORE, the Defendant, Mario Diaz respectfully requests an order disclosing the identity and background as requested of any and all confidential informants in this case.

      Respectfully submitted,

      _____/s/_____
      Rachel L. Zebio

Rachel L. Zebio
Attorney for Defendant Diaz
190 S. LaSalle Street
Suite #520
Chicago, Illinois 60603
(312) 782-2770

4

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 08 CR 521 |
| | ) | Honorable Judge Conlon |
| MARIO DIAZ, | ) | |
| | ) | |
| Defendant. | ) | |

**NOTICE OF FILING**

**TO:**   AUSA Lela Johnson
　　　　U.S. Attorney's Office
　　　　219 S. Dearborn, 5th Floor
　　　　Chicago, IL 60604

　　　**PLEASE TAKE NOTICE** that on August 18, 2008, I filed electronically with the clerk of the United States District Court for the Northern District of Illinois, Eastern Division, the attached, **Motion for Production of Confidential Informant and Disclosure of Relevant Criminal Background and Financial Information.** True and correct copies of each is attached hereto and hereby served upon you.

　　　　　　　　　　　　　　　　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　　　　_____/s/_____
　　　　　　　　　　　　　　　　　　　　　　　Rachel L. Zebio

Rachel L. Zebio
Attorney for Defendant Diaz
190 S. LaSalle Street
Suite #520
Chicago, Illinois 60603
(312)782-2770

5

## Certificate of Service

I, Rachel L. Zebio, an attorney certify that the attached copy of the document stated above was delivered, electronically, to A.U.S.A. Lela Johnson, 219 S. Dearborn, Suite #500, Chicago, IL 60604, and hand delivered to the Honorable Judge Conlon, 219 S. Dearborn, Room 1746, Chicago, IL 60604 on this 18th day of August, 2008.

_____/s/_____
Rachel L. Zebio

Rachel L. Zebio
Attorney for Defendant Diaz
190 S. LaSalle Street
Suite #520
Chicago, Illinois 60603
(312)782-2770